Attorneys for the Plaintiffs:    Powell Zero & Mundy / Bruce S. Zero, Esquire
Attorneys for the Defendants:  Varriale Law Firm / David J. Varriale, Esquire

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD SLAGER and | : | CASE NO:   3:24-CV-0796-MEM |
| AILEEN GLYNN, his wife | : | |
|          Plaintiffs | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | CIVIL - ACTION - LAW |
| WOODLOCH SPA RESORT, LP; | : | |
| WOODLOCH PINES, INC.; and | : | JUDGE MALACHY E. MANNION |
| WOODLOCH MANAGEMENT, LLC | : | |
| d/b/a WOODLOCH PINES RESORT | : | |
| a/k/a WOODLOCH PINE RESORT | : | |
|          Defendants | : | |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## JOINT CASE MANAGEMENT PLAN

Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.    Principal Issues**

1.1    Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

On November 15, 2022, Plaintiff, Todd Slager, was a business invitee at a guest house maintained, controlled, and operated by Woodloch Pines, Inc. Mr. Slager was exiting his vehicle in the driveway of Defendant's property when he became injured.  When he exited his vehicle at Defendants' property, he stepped on a slopped, uneven, icy and snow covered driveway and fell to the ground suffering a Maisonneuve fracture to his lower extremity/right ankle.  Plaintiff contends Defendants had the duty to keep and maintain the premises, including the driveway in a reasonable, safe condition and free from hazards.  The driveway had a drop off and was defective.

By defendant(s):

On November 15, 2022 at 6:15pm, while it was snowing, Plaintiff, Todd Slager, was walking in the snow covered driveway to his vehicle and slipped on the snow and twisted/fell on his right ankle.  Defendant denies the Plaintiff's allegations of negligent maintenance and defect of the driveway.  If Plaintiff suffered damages, they were caused by his own negligence and/or assumption of risk.

1.2    The facts the parties <u>dispute</u> are as follows:

By plaintiff(s):  Plaintiff acted in a careful and prudent manner at all times material hereto and Plaintiff's injuries and damages were due solely to the negligence of the Defendant, as alleged in Plaintiffs' Complaint.

By defendant(s):

Defendant denies the Plaintiff's allegations of negligent maintenance and defect of the driveway.  If Plaintiff suffered damages, they were caused by his own negligence and/or assumption of risk, as set forth in Defendants' Answer.

<u>Agree</u> upon are as follows:

Date, time and location of accident.

1.3     The legal issues the parties <u>dispute</u> are as follows:

By plaintiff(s):  Liability; Comparative Negligence; Assumption of Risk.

By defendant(s):  Liability; Comparative Negligence; Assumption of Risk.

<u>Agree</u> upon are as follows:  Plaintiff was a business invitee.

1.4     Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

By plaintiff(s):  Defendant has been properly served Plaintiff's Complaint.

By defendant(s):  None.

1.5     Identify and name parties that have not yet been served:  None.

1.6     Identify any additional parties that:

By plaintiff(s):  None at this time.

By defendant(s):  None at this time.

1.7     Identify any additional claims that:

Plaintiff(s) intends to add:  None at this time.

Defendant(s) intends to add:   None at this time.

**2.0     Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

     2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by plaintiff(s):

| | Name | Title/Position |
|---|---|---|
| 1. | Todd Slager | Plaintiff / Injured Party |
| 2. | Aileen Glynn | Plaintiff / Wife of Todd Slager |
| 3. | Woodloch Spa Resort, LP | Defendant / Designated Representative |
| 4. | Woodloch Pines, Inc. | Defendant / Designated Representative |
| 5. | Woodloch Management, LLC d/b/a Woodloch Pines Resort a/k/a Woodloch Pine Resort | Defendant / Designated Representative |
| 6. | Dr. Michael Bernett, Wayne Memorial Hospital Emergency Dept. Physician | Plaintiff, Todd Slager's treating physician |
| 7. | Dr. Dennis J. Pfisterer | Plaintiff, Todd Slager's treating physician and Orthopaedic Surgeon |
| 8. | Michael J. Buzzell | Plaintiff's physical therapist at Kessler Rehabilitation Center |
| 9. | Theodore Malakin | Risk Manager at Woodloch Pines, Inc. |
| 10. | Robert P. Seaforth, Jr. | EMT at Woodloch Pines, Inc. |
| 11. | Laura Smith | Manager at Woodloch Pines, Inc. |

Disclosed by defendant(s):

| | Name | Title/Position |
|---|---|---|
| 1. | Todd Slager | Plaintiff / Injured Party |
| 2. | Theodore Malakin | Risk Manager at Woodloch Pines, Inc. |
| 3. | Robert P. Seaforth, Jr. | EMT at Woodloch Pines, Inc. |
| 4. | Laura Smith | Manager at Woodloch Pines, Inc. |

**3.0    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

By plaintiff(s):

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Individual Liability | Plaintiff | None at this time. |
| Discovery | Plaintiff | None at this time. |
| Interrogatories | Plaintiff | None at this time. |

By defendant(s):

Discovery, Interrogatories, Liability – None at this time.

**4.0    Discovery**

4.1    Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):  Plaintiffs have served Interrogatories and Request for Production of Documents to Defendants.

By defendant(s):    Defendants have served Interrogatories and Request for Production of Documents to Plaintiffs.

Defendants await plaintiff's answers to Interrogatories and Request for Production of Documents.

Defendants have served Answers to plaintiff's Interrogatories and Request for Production of Documents.

4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

By plaintiff(s):
Plaintiffs will depose the following and/or reserve the right to depose the following:

|  | Name | Title/Position |
|---|---|---|
| 1. | Todd Slager | Plaintiff / Injured Party |
| 2. | Aileen Glynn | Plaintiff / Wife of Todd Slager |
| 3. | Woodloch Spa Resort, LP | Defendant / Designated Representative |
| 4. | Woodloch Pines, Inc. | Defendant / Designated Representative |
| 5. | Woodloch Management, LLC d/b/a Woodloch Pines Resort a/k/a Woodloch Pine Resort | Defendant / Designated Representative |
| 6. | Dr. Michael Bernett, Wayne Memorial Hospital Emergency Dept. Physician | Plaintiff, Todd Slager's treating physician |
| 7. | Dr. Dennis J. Pfisterer | Plaintiff, Todd Slager's treating physician and Orthopaedic Surgeon |
| 8. | Michael J. Buzzell | Plaintiff's physical therapist at Kessler Rehabilitation Center |
| 9. | Theodore Malakin | Risk Manager at Woodloch Pines, Inc. |
| 10. | Robert P. Seaforth, Jr. | EMT at Woodloch Pines, Inc. |
| 11. | Laura Smith | Manager at Woodloch Pines, Inc. |
| 12. | Additional Employees of the Defendant(s) | Defendant/To be determined |

By defendant(s):

Defendants will depose the following and/or reserve the right to depose the following:

1.    Todd Slager                 Plaintiff/injured party

2.    Aileen Glynn               Plaintiff/wife of Todd Slager

3.    Robert P. Seaforth      EMT at Woodloch Pines, Inc.

4.    Theodore Malakin       Risk Manager at Woodloch Pines, Inc.

5.    Additional Fact Witnesses of the Plaintiffs to be determined.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct by <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

By plaintiff(s):  None known.

By defendant(s):  None known at this time.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

By plaintiff(s):  Plaintiffs will make himself/herself available for a deposition via Zoom.  Any medical examination when scheduled by the defendant medical examination must be scheduled in close proximity to Plaintiffs' residence due to the extensive expense of travel and lodging.

By defendant(s):  Defendants will also make their witnesses available for depositions via Zoom.  Any medical examination if scheduled by Defendants will make best efforts to be scheduled within a reasonably close proximity as possible to Plaintiffs' residence in New Jersey.

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

7

4.5.1    Depositions (excluding experts) to be taken by:

By plaintiff(s):   Up to Twelve (12)

By defendant(s):  Up to Twelve (12) if necessary.

4.5.2    Interrogatories to be served by:

By plaintiff(s): Already served. Up to 10 additional may be served.

By defendant(s):  Already served.  Up to 10 additional may be served if
                  necessary.

4.5.3    Document production requests to be served by:

By plaintiff(s):  Already served.  Up to 10 additional may be served.

By defendant(s):  Already served.  Up to 10 additional may be served if
                  necessary.

4.5.4    Requests for admission to be served by:

By plaintiff(s):  None to date, possibly 2 sets.

By defendant(s):  None to date, agree to possibly 2 sets if necessary.

4.6    Discovery Electronically Stored Information

■ Counsel certify that they have conferred about the matters addressed in
M.D. Pa LR 26.1 and that they are in agreement about how those matters
will be addressed in discovery.

□ Counsel certify that they have conferred about the matters addressed in
M.D. Pa. LR 26.1 and that they are in agreement about how those matters
will be addressed in discovery with the following exceptions:

8

**5.0     Protective Order**

     5.1     If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

     5.2     If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0     Scheduling**

     6.1     Final date for joining additional parties:

         10/31/2024     Plaintiff(s)

         10/31/2024     Defendant(s)

     6.2     Final date for amending pleadings:

         11/30/2024  Plaintiff(s)

         11/30/2024  Defendant(s)

     6.3     All fact discovery commenced in time to be completed by:

         02/28/2025     Plaintiff(s)

         02/28/2025     Defendant(s)

     6.4     All potentially dispositive motions should be filed by:
03/31/2025

     6.5     Reports from retained experts due:

         from plaintiff(s) by:     04/01/2025

         from defendant(s) by:     05/02/2025

     6.6     Supplementations due: 05/19/2025

6.7    All expert discovery commenced in time to be completed by: 06/30/2025

6.8    This case may be appropriate for trial in approximately:

_____ 240 Days from the filing of the action in this court

_____ 365 Days from the filing of the action in this court

__XX__ 485 Days from the filing of the action in this court

6.9    Suggested Date for the final Pretrial Conference:

07/2025  (month/year)

6.10    Trial

6.10.1  Suggested Date for Trial:

10/2025  (month/year)

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority:

By Plaintiffs:    Todd Slager and Aileen Glynn by Bruce S. Zero, Esquire:
POWELL ZERO & MUNDY
Bruce S. Zero, Esquire
Attorney I.D. #:  41616
Attorney for Plaintiffs
Address:    527 Linden Street
Scranton, PA 18503
Telephone:    (570) 343-7700
Email:    bzero@powellzeromundy.com

By Defendants:    Woodloch Pines, Inc. by David J. Varriale, Esq.
Varriale Law Firm PLLC
David J. Varriale, Esq.
Attorney ID#:  315590
Attorney for Defendants
Address:    47 Cross Pond Road
Pound Ridge, New York  10576
Telephone:    (914)-462-1524
Email:    david@varrialelawfirm.com

**8.0     Alternative Dispute Resolution ("ADR")**

> 8.1     Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

By plaintiff(s):

> ADR procedure :  <u>Mediation is an agreed procedure.</u>
>
> Date ADR to be commenced:  _____
>
> Date ADR to be completed:   _____

By defendant(s):

> ADR procedure:  <u>Mediation is an agreed procedure.</u>
>
> Date ADR to be commenced _____
>
> Date ADR to be completed _____

> 8.2     If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:
>
> Plaintiffs and Defendant believe that court-annexed mediation may be helpful after the completion of discovery.

> 8.3     If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0     Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636 (c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

> All parties agree to jurisdiction by magistrate judge of this court:
>
> Yes, Plaintiffs agree to jurisdiction by magistrate judge.
> Yes, Defendant agrees to jurisdiction by magistrate judge.

11

If the parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

Scranton/Wilkes Barre

**10.    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

By plaintiff(s):

By defendant(s):  None at this time.

**11.    Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Dated:  August 5, 2024

_____
Attorney for Plaintiffs

■    ECF User(s)
□    Waiver requested (as separate document)
□    Fed.R.Civ.P.7.1 (statement filed if necessary)*


Dated: August 5, 2024

*/s/ David J. Varriale, Esquire*
Attorney for Defendants

■    ECF User(s)
□    Waiver requested (as separate document)
■    Fed.R.Civ.P.7.1 (statement filed if necessary)*


\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TODD SLAGER and                          :
AILEEN GLYNN, his wife                   :        CIVIL - ACTION - LAW
                    Plaintiffs           :
                                         :        JURY TRIAL DEMANDED
v.                                       :
                                         :
WOODLOCH SPA RESORT, LP;                 :
WOODLOCH PINES, INC.; and                :
WOODLOCH MANAGEMENT, LLC                 :
d/b/a WOODLOCH PINES RESORT              :
a/k/a WOODLOCH PINE RESORT               :
                    Defendants           :        NO:   3:24-CV-0796-MEM

## CERTIFICATE OF SERVICE

I, Bruce S. Zero, Esquire, hereby certify that I served a true and correct copy of the

foregoing, JOINT CASE MANAGEMENT PLAN, upon the following counsel of record, by

placing the same VIA Email: david@varrialelawfirm.com on the 6th day of August, 2024.  This

document has been filed electronically with United States District Court for the Middle District

of Pennsylvania and is available for viewing and downloading.

TO:    David J. Varriale, Esquire
       47 Cross Pond Road
       Pound Ridge, NY 10576

       VIA EMAIL:  david@varrialelawfirm.com

                              Respectfully submitted,

                              **POWELL ZERO & MUNDY**

                              _____
                              Bruce S. Zero, Esquire
                              Attorney for Plaintiffs
                              Attorney I.D. #: 41616
                              527 Linden Street
                              Scranton, Pennsylvania 18503
                              (570) 343-7700
                              bzero@powellzeromundy.com