UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD SLAGER, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:24-CV-0796 |
| v. | (SAPORITO, J.) |
| WOODLOCH SPA RESORT, LP, et al., | |
| Defendants. | |

MEMORANDUM

On May 14, 2024, the plaintiffs, Todd Slager and his wife Aileen Glynn, filed this action against the defendants for Mr. Slager's injuries when "he slipped, fell and was thrown to the ground" at the defendants' premises, the Woodloch Pines Resort. (Doc. 1, ¶ 10). The plaintiffs bring claims of negligence against the defendants. (*Id.*). Now before the Court is the defendants' motion for summary judgment. (Doc. 14). The parties have briefed the motion (Docs. 17—22) and it is now ripe for review.

I. Background

The facts offered by the defendants in consideration of their motion for summary judgment are limited (Doc. 14-1), and the facts contested by the plaintiff are equally as limited. (Doc. 18). Indeed, the parties only

agree that on November 15, 2022, Mr. Slager was residing at the Woodloch Pine Resort in one of its cabins. During that day, Mr. Slager left the cabin in the morning to attend a conference for work, during which it had begun to snow. Mr. Slager arrived back at the cabin around 6:15 p.m. At some point, Mr. Slager left the cabin to retrieve something from his car and slipped on a snow-covered driveway, throwing him to the ground. As a result, Mr. Slager suffered fractures in his right ankle and leg due to that fall, and underwent surgeries to insert and remove a hardware in his ankle. He testifies that since his accident, he cannot walk long distances, and he cannot "do anything physical around the house." (Doc. 14-1, ¶ 12).

Beyond that factual record, it appears that all other underlying facts are disputed by the parties. For example, while there is no dispute that it had been snowing the day of the fall and that the Woodloch Pines Resort cabin's driveway was covered with snow, the parties dispute the following: (1) whether snow previously existed on the driveway the morning of the fall; (2) when the snowfall started on the date of the injury; (3) how long the snowfall lasted on the date of the injury; (4) whether the snow had stopped falling at the time of Mr. Slager's fall; and (5) how much

snow had fallen in that time. Moreover, while there is no dispute that Mr. Slager fell, the parties dispute the characterization of Mr. Slager's fall. The defendants believe that the plaintiff slipped and fell on the snow itself due to icy conditions of the weather, while the plaintiffs contend that Mr. Slager fell because the snow covered up a change in elevation in the driveway which was negligently maintained.

The defendants' motion for summary judgment, based upon the hills and ridges doctrine, relies on both the impact of the snowfall and the categorization of Mr. Slager's injury.

## II.   Legal Standard

Rule 56 of the Federal Rules of Civil Procedure dictates summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the

non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

Parties seeking summary judgment bear "the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotext Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52. A court must first determine if the moving party has made *prima facie* showing that it is entitled to summary judgment when evaluating such a motion. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the

purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a form which is inadmissible at trial, the content of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

### III. Discussion

The defendants move for summary judgment under the "hills and ridges" doctrine. (Doc. 14-2, at 5).

> Generally, Pennsylvania law does not impose an absolute duty on property owners to keep their premises and abutting sidewalks completely free of snow and ice at all times. Under the hills and ridges doctrine, owners and occupiers are shielded from liability for "generally slippery conditions resulting from ice and snow" where the owner or occupier "has not permitted ice and snow to unreasonably accumulate in ridges or elevations" that remain for an unreasonable amount of time. Such protection is extended to owners and occupiers because

> "to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climactic conditions in this hemisphere."

*Beck v. Holly Tree Homeowners Ass'n*, 689 F. Supp. 2d 756, 762 (E.D. Pa. 2010) (citations omitted). To recover under the hills and ridges doctrine, a plaintiff must prove:

> (1) that snow and ice had accumulated on the sidewalk [or parking lot] in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or construction, of the existence of such condition; [and] (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall. Absent proof of *all* such facts, plaintiff has no basis for recovery.

*Rinaldi v. Levine*, 176 A.2d 623, 625–26 (Pa. 1962) (emphasis in original). The defendants argue that the hills and ridges doctrine applies because Mr. Slager slipped and fell on the snow due to the icy conditions brought by that day's snowfall. Therefore, the defendants contend that because the plaintiffs cannot satisfy all three elements to recover under the hills and ridges doctrine, the Court must grant their motion for summary judgment. (Doc. 14-2, at 7). But at this stage, we need not analyze whether the plaintiffs have satisfied all factors for recovery under the doctrine. Based on the facts and evidence of record, viewed in the light

most favorable to the non-moving plaintiffs, we find that the plaintiffs have adduced sufficient evidence to demonstrate genuine disputes of material facts as to whether the "hills and ridges" doctrine applies in this case, thus preventing the granting of summary judgment.

The defendants' application of the hills and ridges doctrine is dependent on their categorization of Mr. Slager's injury. The defendants contend that "[t]he undisputed facts demonstrate that Mr. Slager slipped on a snow-covered driveway during an active snowstorm." (*Id.*, at 2). The defendants note Mr. Slager's own admission that he was "[w]alking to [his] vehicle in [his] driveway and slipped on snow" (Doc. 14-1, ¶ 8) in support for their assertion and cite their expert weather report that snow was falling, and had been falling for hours, when Mr. Slager slipped. (Doc. 14-2, at 8). The plaintiffs argue, however, that Mr. Slager did not slip due to icy conditions of the snowstorm but rather injured himself when stepping off the ridge of the defendants' driveway that was improperly maintained and repaired. (Doc. 17, at 2). While the plaintiffs acknowledge that the driveway was snow-covered, they argue that the inadequate conditions of the driveway, rather than the snow, caused Mr. Slager's injury and they have cited their own expert report indicating

- 7 -

that the drop-off between the shoulder interface along the driveway "exposed pedestrians like Todd Slager to an unreasonable risk of falling due to inadequate maintenance." (Doc. 17, at 2). Therefore, there remains a genuine dispute of material fact as to whether Mr. Slager slipped due to icy conditions of the snowfall or whether Mr. Slager fell due to the inadequate foundation of the driveway. Factual issues, such as those presented in this case, are better left for the jury. The defendants' motion for summary judgement premised on the application of the hills and ridges doctrine will be denied.

## IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment will be denied.

An appropriate order follows.


Dated: January 9, 2026         *s/Joseph F. Saporito, Jr.*
                               JOSEPH F. SAPORITO, JR.
                               United States District Judge